UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MICHEL HERNANDEZ
DELGADO,

       Petitioner,

    v.                      Case No.:  2:26-cv-01637-SPC-NPM

WARDEN, FLORIDA SOFT SIDE
SOUTH *et al.*,

       Respondents,

                          /

## OPINION AND ORDER

Before the Court are petitioner Michel Hernandez Delgado's Petition for Writ of Habeas Corpus (Doc. 1) and the government's response (Doc. 7).  For the below reasons, the Court grants the petition.

Hernandez Delgado is a native of Cuba who entered the United States in 2001.  In 2008, Hernandez Delgado was convicted of a drug charge and sentenced to two years of community control and three years of probation.  Immigration and Customs Enforcement ("ICE") commenced removal proceedings in 2011, and an immigration judge ordered him removed in 2012.  In May 2012, ICE released Hernandez Delgado under an order of supervision, and he has complied with its terms.  On November 7, 2025, Hernandez Delgado reported to ICE for a routine check-in, and ICE revoked his release and detained him.  Hernandez Delgado argues his detention is unlawful because

there is no significant likelihood of removal in the reasonably foreseeable future.

Before addressing the merits of Hernandez Delgado's claim, the Court must address its jurisdiction. The respondents argue two sections of the INA strip the Court of jurisdiction over this action. They first points to a provision that bars courts from hearing certain claims. It states:

> Except as provided in this section and notwithstanding any other provisions of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.

8 U.S.C. § 1252(g). This jurisdictional bar is narrow. "The provision applies only to three discrete actions that the Attorney General may take: her 'decision or action' to 'commence proceedings, adjudicate cases, or execute removal orders.'" *Reno v. American-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999); *see also Jennings v. Rodriguez*, 583 U.S. 281, 294 (2018) ("We did not interpret this language to sweep in any claim that technically can be said to 'arise from' the three listed actions of the Attorney General. Instead, we read the language to refer to just those three specific actions themselves."). "When asking if a claim is barred by § 1252(g), courts must focus on the action

being challenged." *Canal A Media Holding, LLC v. United States Citizenship and Immigration Servs.*, 964 F.3d 1250, 1258 (11th Cir. 2020).

The respondents also raise the INA's "zipper clause," which states:

> Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter shall be available only in judicial review of a final order under this section. Except as otherwise provided in this section, no court should have jurisdiction, by habeas corpus under section 2241 or title 28 or any other habeas corpus provision, by section 1361 or 1651 of such title, or by any other provision of law (statutory or nonstatutory), to review such an order or such question of law or fact.

8 U.S.C. § 1252(b)(9). The zipper clause only applies to claims requesting review of a removal order. *See Madu v. U.S. Attorney Gen.*, 470 F.3d 1362, 1365 (11th Cir. 2006) (holding the INA did not divest the district court of jurisdiction over a § 2241 challenge to detention of the petitioner pending deportation).

Hernandez Delgado does not challenge the commencement of a proceeding, the adjudication of a case, or the execution of his removal order. Nor does he ask the Court to review the removal order. Rather, Hernandez Delgado challenges the legality of his detention under a framework devised by the Supreme Court for district courts to apply. *See Zadvydas*, 533 U.S. at 682 (stating the Court's limitation on post-removal detention "is subject to federal-court review."). A decision in Hernandez Delgado's favor would not impair

ICE's ability to execute the removal order. The INA does not strip the Court of jurisdiction over this action.

The Court now turns to the merits of the habeas petition. "Once a noncitizen's order of removal becomes administratively final, the Government 'shall' remove the person within 90 days." *Singh v. U.S. Attorney Gen.*, 945 F.3d 1310, 1313 (11th Cir. 2019) (quoting 8 U.S.C. § 1231(a)(1)(A)). The government must detain the noncitizen during the 90-day removal period, which begins when the removal order becomes administratively final. *Id.* Detention may continue after the removal period, but not indefinitely.

In *Zadvydas v. Davis*, the Supreme Court held, "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." 533 U.S. 678, 700-01 (2001). If removal is not practically attainable, detention no longer serves its statutory purpose of "assuring the alien's presence at the moment of removal." *Id.* at 699. The Court found it unlikely Congress "believed that all reasonably foreseeably removals could be accomplished in [90 days]." *Id* at 701. So, "for the sake of uniform administration in the federal courts," it established a "presumptively reasonable period of detention" of six months—the 90-day removal period plus an additional 90 days. *Id.* Courts use a burden-shifting framework to judge the constitutionality of additional post-removal detention:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut the showing.

*Id.*

The government acknowledges the six-month period for presumptively reasonable detention has expired, so *Zadvydas*'s burden-shifting framework applies. Hernandez Delgado has carried his initial burden by showing a good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future. ICE was unable to remove him in 2012 or the years since, and no change in circumstances makes removal more likely now. The burden thus shifts to the government. It claims ICE is considering third-country removal, but it has taken no steps to remove Hernandez Delgado since his November 2025 arrest, and it presents no reason to believe future removal efforts will be successful.

The Court finds no significant likelihood Hernandez Delgado will be removed in the reasonably foreseeable future. He is entitled to release from detention under *Zadvydas*. If removal becomes likely in the reasonably foreseeable future, ICE can detain Hernandez Delgado to "assur[e] [his] presence at the moment of removal." *Zadvydas*, 533 U.S. at 680.

Accordingly, it is hereby

**ORDERED:**

Michel Hernandez Delgado' Petition for Writ of Habeas Corpus (Doc. 1)

is **GRANTED**.

1. The respondent shall release Hernandez Delgado within 24 hours of
   this Order and provide him telephone access so he can arrange his
   transportation from the facility.

2. The Clerk is **DIRECTED** to terminate any pending motions and
   deadlines, enter judgment, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida on June 3, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties of Record